IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**DEC 2 9 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MICHAEL RICHARD TELLEZ, | § | |
| JENNIFER ANN TELLEZ, | § | |
| REBECCA GARZA, RUBEN | § | |
| SANTILLANA, MINERVA | § | |
| SANTILLANA, GUILLERMO | § | |
| CONTRERAS, OLGA CONTRERAS, | § | |
| ELUTERIO MORALES, ROSA | § | |
| MORALES, and NORA GARCIA | § | CIVIL ACTION NO.  B-03-218 |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| COMPANY, | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO SEVER AND TRANSFER VENUE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Allstate Texas Lloyds Company ("Allstate") files this motion, pursuant to Federal

Rule of Civil Procedure 21 and 28 U.S.C. § 1404, requesting the Court to sever the claims of

Plaintiffs Rebecca Garza, Ruben Santillana, Minerva Santillana, Guillermo Contreras, Olga

Contreras, Eluterio Morales, Rosa Morales, and Nora Garcia (collectively, "the Hidalgo Plaintiffs").

In addition, Allstate requests that the Hidalgo Plaintiffs' claims be transferred to the appropriate

venue in the McAllen Division of the Southern District of Texas.  In support of this request for relief,

Allstate would respectfully show the Court as follows:

**I.**
**BACKGROUND**

1.      In their Original Complaint ("Complaint"), Plaintiffs assert multiple claims against

Allstate relating to property damage to their homes allegedly caused by water intrusion.  (*See*

Complaint, ¶ 6, p. 3) Of all the Plaintiffs, only Michael Richard Tellez and Jennifer Ann Tellez are

residents of Cameron County, Texas ("the Cameron Plaintiffs"). The remaining Plaintiffs are all

residents of Hidalgo County, Texas. (*See id.*, ¶ 1, p. 1-2). Plaintiffs erroneously assert that their

various claims are properly joined pursuant to Federal Rule of Civil Procedure 20(a). (*See id.*, ¶ 5,

p. 2-3). However, joinder of the Hidalgo Plaintiffs is not warranted by Rule 20(a) because there is

no common transaction, occurrence or series of transactions or occurrences, and the fact issues

underlying the various claims are wholly distinct. Joinder of the Hidalgo Plaintiffs serves merely

to permit these Plaintiffs to forum shop. Allstate respectfully requests that this Court sever the

claims of the Hidalgo Plaintiffs and transfer those claims to the venue in which they should have

been brought in the first place, the McAllen Division of the Southern District of Texas.

## II.
### ARGUMENT AND AUTHORITIES

A.    **Standard**

2.    Plaintiffs assert they are properly joined under the rule of permissive joinder. Federal

Rule of Civil Procedure 20(a) permits the permissive joinder of parties or claims when:

> they assert any right to relief jointly, severally, or in the alternative in
> respect of or arising out of the same transaction, occurrence, or series
> of transactions or occurrences and if any question of law or fact
> common to all these persons will arise in the action.

FED. R. CIV. P. 20(a) (2003). Courts have construed this rule as a two-pronged test: there must be

a showing that (1) the claims arise from a common transaction, occurrence, or series of transactions

or occurrences, and (2) the claims share common issues of fact and law. *Demboski v. CSX Transp.*,

157 F.R.D. 28, 29 (S. D. Miss. 1994). Plaintiffs have failed to meet both prongs of this standard

with regard to the claims of the Hidalgo Plaintiffs.

**B.**   **Plaintiffs' claims do not arise from a common transaction, occurrence, or series of transactions or occurrences.**

3.   Plaintiffs assert that Allstate's alleged breaches of contract regarding each Plaintiff's

homeowners insurance policy were made in

> furtherance of a corporate policy that had as its aim to minimize or
> eliminate its obligation to pay claims made under the subject policies.
> With respect to the Plaintiffs herein, Allstate adopted a systematic
> approach to the consideration of water intrusion claims brought by
> homeowners under the Texas Homeowners Policy-Form B.

(*See* Complaint, ¶ 6, p. 3). However, Plaintiffs' claims simply describe the experiences of unrelated

homeowners under separate, unrelated homeowners insurance policies dealing with unrelated

insurance claims.  As such, these claims do not arise from a common series of transactions.  In

*Coleman v. Conseco, Inc.*, forty-eight plaintiffs filed suit against the issuer of their life insurance

policies. 238 F.Supp.2d 804, 808 (S.D. Miss. 2002).  The plaintiffs claimed that the insurer had

misrepresented the "vanishing premium" feature of the policies, thereby fraudulently inducing them

to buy the policies. The defendant insurer removed the case, arguing that the citizenship of some of

the plaintiffs should be ignored for the purpose of determining diversity as those plaintiffs had been

fraudulently joined.  *Id.*  The District Court analyzed the issue under Rule 20(a) for permissive

joinder, ultimately concluding that those plaintiffs were not properly joined because their claims did

not arise from a common series of transactions.  Instead, the court held that "[e]ach Plaintiff

purchased a separate [] policy of insurance from Conseco Senior, and the policies were purchased

at different times, from different agents, at different locations." *Id.* at 819.

4.   A similar situation was considered by the District Court in *Demboski*.  In that case,

four sets of plaintiffs sued a railroad for wrongful death and personal injuries arising from four

different railroad crossing accidents that occurred on four different dates, in three different cities. 157 F.R.D. at 28. The plaintiffs asserted that their claims "all spring from a pattern or general practice by CSX of a lack of internal governance with respect to federal, local and internal safety rules and regulations." *Id.* at 29. In granting the defendant's motion to sever, the Court held the plaintiffs had not met the first prong of the Rule 20(a) test. The Court noted that, in cases where the Rule 20(a) test had been satisfied, "the facts alleged by each plaintiff were inextricably interwoven together to show a common pattern." *Id.* at 29. In contrast, the railroad plaintiffs' claims to relief arose from "separate accidents, different crossings, different train crews, different dates and times, different driver conduct, different vehicles, different injuries, different damages, different defensive postures, and different physical facts." *Id.* at 29.

5.      Like the plaintiffs in *Coleman* and *Demboski*, Plaintiffs in this case assert claims for relief that do not stem from a common series of transactions. The circumstances of each homeowners' claim differ, often significantly. For example, according to the Complaint, the nature of the water intrusions differ for each Plaintiff, the timing and circumstances of the intrusions differ, the number of claims opened for each Plaintiff differs, the number and nature of expert evaluations of damage differ, the amount paid per claim differs, the nature of the investigations differ, and Allstate's response to each claim differs. Clearly then, Plaintiffs have failed to satisfy the first prong of the Rule 20(a) test.

C.      **Plaintiffs' claims do not share common issues of fact or law.**

6.      Plaintiffs have likewise failed to satisfy the second prong of the Rule 20(a) test because there are no common issues of fact among the Plaintiffs' claims. As described above, the factual issues for each Plaintiff's claim differ significantly. In *Weber v. Lockheed Martin Corp.*, the

District Court granted a motion to sever the claims of two plaintiffs suing a common employer; the first plaintiff asserted claims of racial discrimination against the employer, while the second asserted claims of sexual harassment. 2001 WL 274518 (E.D. La. 2001). The Court recognized that the plaintiffs shared a legal theory, *i.e.,* discrimination in employment practices. However, the Court concluded that "the absence of any common issues of fact outweighs each plaintiff's reliance on similar law." *Id.* at *2. Plaintiffs' claims in this case also lack any common factual issues. Their reliance on similar legal theories is not sufficient to overcome this fundamental lack. Plaintiffs have not met their burden to merit permissive joinder under Rule 20(a); therefore, Plaintiffs' claims should be severed. *El Aguila Food Prod. v. Gruma Corp.*, 167 F.Supp.2d 955, 959 (S.D. Tex. 2001) (Court has broad discretion to sever claims when they do not meet the standard set by Rule 20(a)).

> **D.** **In the alternative, Plaintiffs' claims should be severed in the interests of justice.**

7.    In the alternative, Plaintiffs' claims should be severed in the interest of justice. The Court has broad discretion to sever claims under Federal Rule of Civil Procedure 21 whether properly or improperly joined. FED. R. CIV. P. 21 (2003). *See also Allied Elevator, Inc. v. East Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992); *Federal Deposit Ins. Corp. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir. 1992). Severance is appropriate when it contributes to the convenience of the parties, when it will avoid prejudice, or when it otherwise "advances the administration of justice." *El Aguila Food Prod.*, 167 F. Supp.2d at 959-60.

8.    Severance is proper in this case because the Plaintiffs' claims involve such differing facts and circumstances that a trial of all claims at once would be inefficient, impractical, and prejudicial to Allstate. *Demboski*, 157 F.R.D. at 30 ("the burden imposed on the Defendant to defend four substantially different sets of facts and law in only one forum far outweighs any practical

benefits that might accrue to the parties and the Court in the conservation of judicial, prosecutorial, and defensive resources."). Because of the factual complexity of the claims asserted by Plaintiffs and the differing issues involved in each claim, forcing Allstate to defend itself on each claim in the same trial will likely create confusion, especially for a jury hearing evidence on so many separate claims. In contrast, Plaintiffs will not be prejudiced by a severance as no discovery has yet occurred in the present case. Further, severance will not create delay or additional expense, and there is no likelihood of duplicitous litigation or conflicting verdicts. *El Aguila Food Prod.*, 167 F.Supp.2d at 959-60. Therefore, this Court should sever Plaintiffs' claims according to the insurance policy involved in each claim. In that manner, each new cause will involve only one insurance policy and one set of insureds on that policy.

**E.      The Hidalgo Plaintiffs' claims should be transferred to the McAllen Division.**

9.      "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2003). The Fifth Circuit has held that the initial consideration for a motion to transfer venue pursuant to this statute is whether or not the claims could have been brought in the destination forum. *Rosenthal v. Blue Diamond Growers, Inc.*, 2003 WL 22736550 *2 (W.D. Tex. 2003) (slip opinion). This Court should transfer the Hidalgo Plaintiffs' claims to a District Court in the McAllen Division because the claims could have been brought there initially and should have been brought there initially. Each of the Hidalgo Plaintiffs is a resident of Hidalgo County which lies in the McAllen Division; thus McAllen is a proper venue for Hidalgo Plaintiffs' claims.

10.      The factors this Court should consider in determining a motion to transfer venue under § 1404(a) include: the availability and convenience of witnesses and parties; the location of

6

counsel; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *Speed v. Omega Protein, Inc.*, 246 F. Supp.2d 668, 672 (S.D.Tex. 2003). *See also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (§ 1404(a) applies to intra-district transfers as well). The most significant of these factors is the location and convenience of the parties and witnesses. *Feliciano v. Texaco. Inc.*, 144 F. Supp.2d 741, 742-73 (S.D. Tex. 2001) ("the convenience of key witnesses is the most important factor in a motion to transfer venue").

11.    None of the Hidalgo Plaintiffs is a resident of Cameron County in which this Court is located. Witnesses relevant to the Hidalgo claims, such as mold inspectors and contractors who provided repair and remediation estimates, are generally located in Hidalgo County. The cost and inconvenience for the witnesses and parties who reside in Hidalgo County is increased if trial is held in Cameron County. None of Plaintiffs' counsel is located in Cameron County. Instead, Plaintiffs' counsel are located in Houston, Austin, and McAllen. In addition, the records, claims reports, and documentation relevant to issues such as alternative living expenses are most likely located in the Hidalgo County area for the Hidalgo Plaintiffs. Further, the place of the alleged wrong in these claims is Hidalgo County. Finally, the Hidalgo Plaintiffs will suffer no prejudice or delay by a transfer of their claims to the McAllen Division.

12.    While a plaintiff's choice of forum is given deference, the balance of factors in this case clearly favors the transfer of these claims. Considering that five of the six homes involved in this case are located in Hidalgo County, along with any relevant witnesses and evidence as to the claims involving each home, the proposition of trying those claims in this Court makes little, if any,

sense. Further, Plaintiffs have alleged absolutely no connection between Cameron County and the Hidalgo claims. In fact, it is clear that Plaintiffs' joinder of the Hidalgo Plaintiffs is solely for the impermissible purpose of forum shopping - that is, using the one Cameron County complaint as a vehicle to improperly avoid the forum in which the Hidalgo Plaintiffs should have filed their complaints. It is obvious that the Hidalgo Plaintiffs joined this suit solely in an effort to avoid having their cases heard before the Honorable Randy Crane who has presided over hundreds of mold claims involving Allstate homeowners insurance policies and has issued several opinions on these issues. *See, e.g., Salinas v. Allstate Texas Lloyds Co.*, 278 F.Supp.2d 820 (S.D. Tex. 2003); *Flores v. Allstate Texas Lloyds Co.*, 278 F.Supp.2d 810 (S.D. Tex. 2003). Without that joinder, the Hidalgo Plaintiffs cannot justify bringing their claims in this Court. This Court should therefore transfer the claims of the Hidalgo Plaintiffs to the McAllen Division of the Southern District of Texas.

WHEREFORE, Defendant Allstate Texas Lloyds Company respectfully requests that the Court sever the claims of Plaintiffs Rebecca Garza, Ruben Santillana, Minerva Santillana, Guillermo Contreras, Olga Contreras, Eluterio Morales, Rosa Morales, and Nora Garcia; transfer these severed claims to the appropriate venue in the McAllen Division of the Southern District of Texas; and for such further relief to which Allstate may be justly entitled.

Respectfully submitted,

By: _____

Stephen H. Lee
State Bar No. 00791092
Federal I.D. No. 18313

600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANT
ALLSTATE TEXAS LLOYDS COMPANY**

**OF COUNSEL:**
Ronald J. Restrepo
State Bar No. 16791300
So. District Bar No. 920
**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

## CERTIFICATE OF CONFERENCE

On December 22, 2003, I left a detailed message with the office for Plaintiffs' attorney-in-charge, Dan Downey, about the substance of this motion. However, Mr. Downey has not returned the call. Once I speak with Mr. Downey, Allstate will file a supplemental certificate.

_____

N. Kimberly Bohannon

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon counsel of record, *via* United States first class mail and facsimile, on December 23, 2003:

>    Dan Downey
>    700 Louisiana Street, Suite 4000
>    Houston, Texas 77002
>    Facsimile: 713-222-0066
>
>    Peter E. Ferraro
>    1104 San Antonio Street
>    Austin, Texas 78701
>    Facsimile: 512-474-5306
>
>    John H. Eaton
>    Eaton & Associates
>    2208 Primrose, Bldg. D
>    McAllen, Texas 78504
>    Facsimile: 956-687-9867

Stephen H. Lee