IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL RICHARD TELLEZ, <br> JENNIFER ANN TELLEZ, <br> REBECCA GARZA, RUBEN <br> SANTILLANA, MINERVA <br> SANTILLANA, GUILLERMO <br> CONTRERAS, OLGA CONTRERAS, <br> ELUTERIO MORALES, ROSA <br> MORALES, and NORA GARCIA <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE TEXAS LLOYDS <br> COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-03-218 <br> (Jury Trial Demanded) |

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

## ORIGINAL ANSWER OF DEFENDANT
## ALLSTATE TEXAS LLOYDS COMPANY

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Subject to its Motion to Sever and Transfer Venue, Defendant Allstate Texas Lloyds Company ("Allstate") hereby responds to the Plaintiffs' Original Petition (the "Complaint") as follows:

1. Allstate admits the allegations contained in paragraph 1 of the Complaint, except that Allstate admits the allegations regarding Plaintiffs' residency only on information and belief.

2. Allstate denies the allegations contained in paragraph 2 of the Complaint, except that Allstate admits the allegation regarding the manner in which Allstate may be served with process.

3. Allstate admits that this Court has jurisdiction over this lawsuit, but Allstate denies that venue is proper in this Court for the reasons explained in its previously filed Motion to Sever and Transfer Venue.

4. Allstate denies the allegations contained in paragraph 4 of the Complaint. Among other reasons, Plaintiffs failed to (i) promptly report this claim; (ii) cooperate during Allstate's investigation of the claim; (iii) establish coverage under the applicable policy; (iv) provide written notice of claim; (v) take reasonable steps to protect the property; and (vi) provide proper written notice of the claim pursuant to the DTPA and the Texas Insurance Code.

5. Allstate denies the allegations contained in paragraph 5 of the Complaint.

6. Allstate denies the allegations contained in paragraph 6 of the Complaint including sub-parts A through E, except that Allstate admits that during the relevant time periods, each Plaintiff's home was insured by Allstate's Texas Homeowners Policy Form B, but each policy contained different coverage limits, policy endorsements, and effective periods.

### I. MICHAEL RICHARD TELLEZ AND JENNIFER ANN TELLEZ

7. For purposes of this Answer, Allstate refers to the first full paragraph on the fourth page of the Complaint, under the heading "Michael Richard Tellez and Jennifer Ann Tellez"and beginning with "On or about January 16, 2001 . . . " as paragraph 7. Allstate denies the allegations contained in paragraph 7 of the Complaint except that Allstate admits that Plaintiffs reported a claim to Allstate on or about January 16, 2001.

8. For purposes of this Answer, Allstate refers to the second paragraph under the heading "Michael Richard Tellez and Jennifer Ann Tellez", on the fourth page of the Complaint and continuing onto the fifth page, and beginning with "During the relevant time period . . . " as paragraph 7.1. Allstate denies the allegations contained in paragraph 7.1 of the Complaint except that Allstate has insufficient information to either admit or deny the allegation that (1) "the Tellez family was required to borrow money from a bank secured by a second mortgage on their home" and

(2) "These funds were then utilized to begin the necessary repairs." Allstate also admits that Plaintiffs reported several water leaks in their home.

9.　For purposes of this Answer, Allstate refers to the first full paragraph on the fifth page of the Complaint beginning with "In May of 2001 . . . " as paragraph 7.2. Allstate has insufficient information to either admit or deny the allegations contained in paragraph 7.2 of the Complaint.

10.　For purposes of this Answer, Allstate refers to the second full paragraph on the fifth page of the Complaint beginning with "On July 16, 2001 . . . " as paragraph 7.3. Allstate denies the allegations contained in paragraph 7.3 of the Complaint.

11.　For purposes of this Answer, Allstate refers to the first full paragraph on the sixth page of the Complaint beginning with "On or about May of 2002 . . . " as paragraph 7.4. Allstate denies the allegations contained in paragraph 7.4 of the Complaint.

12.　For purposes of this Answer, Allstate refers to the second full paragraph on the sixth page of the Complaint beginning with "Finally, on July 17, 2003 . . . " as paragraph 7.5. Allstate denies the allegations contained in paragraph 7.5 of the Complaint.

## II. REBECCA GARZA

13.　For purposes of this Answer, Allstate refers to the first full paragraph on the seventh page of the Complaint, under the heading "Rebecca Garza" and beginning with "On or about October 2, 2001 . . . " as paragraph 8. Allstate denies the allegations contained in paragraph 8 of the Complaint except that Allstate admits that Plaintiff reported a claim to Allstate on or about October 2, 2001.

14.　For purposes of this Answer, Allstate refers to the second paragraph under the heading "Rebecca Garza", on the seventh page of the Complaint and continuing onto the eighth page,

and beginning with "During the relevant period of time . . . " as paragraph 8.1. Allstate denies the allegations contained in paragraph 8.1 of the Complaint except that Allstate has insufficient information to either admit or deny the allegations (1) that Guerra-Prats & Companies inspected the home on July 25, 2002; (2) that Rebecca Garza was advised to move out of her home; (3) that a Dr. Juan Guerro requested the removal of mold from Plaintiff's house; and (4) that Oralia Garza is a candidate for a liver transplant. Allstate admits that (1) several leaks in Plaintiff's house were reported to Allstate at different times, and (2) that Plaintiff forwarded to Allstate a letter from a Dr. Pramod Mistry concerning the health of Oralia Garza; however, such letter did not state that toxic mold presented a life threatening risk to Oralia Garza.

15. For purposes of this Answer, Allstate refers to the first full paragraph on the eighth page of the Complaint beginning with "On November 22, 2002 . . . " as paragraph 8.2. Allstate denies the allegations contained in paragraph 8.2 of the Complaint.

### III. RUBEN SANTILLANA AND MINERVA SANTILLANA

16. For purposes of this Answer, Allstate refers to the first full paragraph on the ninth page of the Complaint, under the heading "Ruben Santillana and Minerva Santillana" and beginning with "On or about January 28, 2002 . . . " as paragraph 9. Allstate denies the allegations contained in paragraph 9 of the Complaint except that Allstate admits that Plaintiffs reported a claim to Allstate on or about January 28, 2002.

17. For purposes of this Answer, Allstate refers to the second paragraph under the heading "Ruben Santillana and Minerva Santillana," on the ninth page of the Complaint and continuing onto the tenth page, and beginning with "During the relevant period of time . . . " as paragraph 9.1. Allstate denies the allegations contained in paragraph 9.1 of the Complaint.

## IV. GUILLERMO CONTRERAS AND OLGA CONTRERAS

18. For purposes of this Answer, Allstate refers to the first full paragraph on the tenth page of the Complaint, under the heading "Guillermo Contreras and Olga Contreras" and beginning with "On or about May 2, 2002 . . ." as paragraph 10. Allstate denies the allegations contained in paragraph 10 of the Complaint except that Allstate admits that Plaintiffs reported a claim to Allstate on or about May 2, 2002.

19. For purposes of this Answer, Allstate refers to the last paragraph on the tenth page of the Complaint and continuing onto the eleventh page, and beginning with "During the relevant period of time . . ." as paragraph 10.1. Allstate denies the allegations contained in paragraph 10.1 of the Complaint.

20. For purposes of this Answer, Allstate refers to the first full paragraph on the eleventh page of the Complaint beginning with "On April 15, 2002 . . ." as paragraph 10.2. Allstate has insufficient information to either admit or deny the allegations contained in paragraph 10.2 of the Complaint except that Allstate denies (1) that it received any report showing the presence of toxic mold in the Plaintiffs' house, and (2) that Allstate had a contractual duty to provide additional living expenses ("ALE") reimbursement based on any claim submitted by Plaintiffs.

21. For purposes of this Answer, Allstate refers to the second full paragraph on the eleventh page of the Complaint beginning with "On July 9, 2003 . . ." as paragraph 10.3. Allstate denies the allegations contained in paragraph 10.3 of the Complaint.

22. For purposes of this Answer, Allstate refers to the third full paragraph on the eleventh page of the Complaint and continuing onto the twelfth page, beginning with "After months of being

ignored . . . " as paragraph 10.4. Allstate denies the allegations contained in paragraph 10.4 of the Complaint.

### V. ELUTERIO MORALES AND ROSA MORALES

23.  For purposes of this Answer, Allstate refers to the first full paragraph on the twelfth page of the Complaint and continuing onto the thirteenth page, under the heading "Eluterio Morales and Rosa Morales"and beginning with "On or about May 9, 2002 . . . " as paragraph 11. Allstate denies the allegations contained in paragraph 11 of the Complaint.

24.  For purposes of this Answer, Allstate refers to the first full paragraph on the thirteenth page of the Complaint beginning with "During the relevant period of time . . . " as paragraph 11.1. Allstate denies the allegations contained in paragraph 11.1 of the Complaint.

25.  For purposes of this Answer, Allstate refers to the second full paragraph on the thirteenth page of the Complaint beginning with "On July 25, 2002 . . . " as paragraph 11.2. Allstate denies the allegations contained in paragraph 11.2 of the Complaint..

### VI. NORA GARCIA

26.  For purposes of this Answer, Allstate refers to the last paragraph on the thirteenth page of the Complaint and continuing onto the fourteenth page, under the heading "Nora Garcia"and beginning with "On or about January 5, 2002 . . . " as paragraph 12. Allstate denies the allegations contained in paragraph 12 of the Complaint except that Allstate admits that Plaintiff reported a claim to Allstate on or about January 5, 2002.

27.  For purposes of this Answer, Allstate refers to the first full paragraph on the fourteenth page of the Complaint and beginning with "During the relevant period of time . . . " as paragraph 12.1. Allstate denies the allegations contained in paragraph 12.1 of the Complaint.

28.     For purposes of this Answer, Allstate refers to the third paragraph on the fourteenth page of the Complaint and continuing onto the fifteenth page, beginning with "On September 23, 2002 . . . " as paragraph 12.2. Allstate denies the allegations contained in paragraph 12.2 of the Complaint except that Allstate has insufficient information to either admit or deny (1) the allegations referring to Plaintiff's current living arrangements; (2) the allegations regarding Plaintiff's financial situation; (3) the allegations regarding Plaintiff's stress level; and (4) the allegations regarding Plaintiff's credit card debt.

29.     For purposes of this Answer, Allstate refers to the first full paragraph on the fifteenth page of the Complaint beginning with "On July 17, 2003 . . . " as paragraph 12.3. Allstate denies the allegations contained in paragraph 12.3 of the Complaint.

### VII. ALL PLAINTIFFS

30.     The allegations contained in paragraph 13 of the Complaint consist of legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Allstate denies the allegations contained in paragraph 13 of the Complaint except that it admits that Plaintiffs purchased insurance policies from Allstate.

31.     For purposes of this Answer, Allstate refers to the first full paragraph on the sixteenth page of the Complaint beginning with "Among the specifically enumerated . . . " as paragraph 13.1. Allstate denies the allegations contained in paragraph 13.1 of the Complaint.

32.     For purposes of this Answer, Allstate refers to the second full paragraph on the sixteenth page of the Complaint and continuing onto the seventeenth page, beginning with "The referenced wrongful acts . . . " as paragraph 13.2. Allstate denies the allegations contained in paragraph 13.2 of the Complaint, including the allegations in sub-parts A through F.

33. Allstate denies the allegations contained in paragraph 14 of the Complaint.

34. Allstate denies the allegations contained in paragraph 15 of the Complaint.

35. Allstate denies the allegations contained in paragraph 16 of the Complaint.

36. Allstate denies the allegations contained in paragraph 17 of the Complaint.

37. Allstate denies the allegations contained in paragraph 18 of the Complaint.

38. Allstate denies the allegations contained in paragraph 19 of the Complaint.

39. Allstate denies the allegations contained in paragraph 20 of the Complaint.

### VIII. ALLSTATE'S AFFIRMATIVE DEFENSES AND/OR SPECIFIC DENIALS

40. The Complaint, in whole or in part, fails to state a cause of action.

41. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

42. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take measures to protect the properties from further damage or to prevent ensuing damage, including the growth of any mold. Therefore, Plaintiffs breached their contractual obligations and prejudiced Allstate. Moreover, Plaintiffs assumed the apparent risks and Plaintiffs waived and/or are estopped from asserting any claim related to such risks.

43. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take reasonable measures to repair the asserted plumbing leaks and associated damage. Therefore, Plaintiffs breached their contractual obligations and prejudiced Allstate. Moreover, Plaintiffs assumed the apparent risks and Plaintiffs waived and/or are estopped from asserting any claim related to such risks.

44. Plaintiffs' claims are barred, in whole or in part, because some or all of the losses made the basis of this litigation occurred prior to the relevant policy period.

45. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to submit the proper documentation to assert a claim, as required by the policy.

46. Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy at Section I - EXCLUSIONS, number 1(f)(3) due to the "dampness of atmosphere, extremes of temperature."

47. Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are excluded by the applicable insurance policy at Section I - EXCLUSIONS, number 1(f)(2), excluding "rust, rot, mold or other fungi."

48. Allstate asserts the limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

49. Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others. Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

50. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages and/or injuries, if any, were the result of conduct of Plaintiffs, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged damages and/or injuries.

51. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to give Allstate prompt written notice of each claim as required by their insurance contract, thereby prejudicing Allstate.

52. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to cooperate in the handling of their claim, as required by the policy, thereby prejudicing Allstate.

53. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs delayed inspections, which increased the damage, if any.

54. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with some or all of the policy requirements specified in paragraph 3(a) at Section I - CONDITIONS.

55. Plaintiffs' claims for punitive damages are barred because such an award would violate Allstate's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

56. Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

57. Plaintiffs' claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

58. Plaintiffs' claims are barred, in whole or in part, because Allstate paid the full value of Plaintiffs' claims under their homeowners insurance policies.

59. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims under their homeowners insurance policies were not covered occurrences pursuant to those policies.

60. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims under their homeowners insurance policies were for damages less than Plaintiffs' deductibles.

61. Allstate hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this pleading to assert such defenses.

WHEREFORE, Allstate requests that Plaintiffs take nothing by way of their claims, that judgment be entered in its favor, dismissing the Complaint in its entirety and awarding Allstate its costs and disbursements and such other relief to which it may be entitled.

Respectfully submitted,

By: _____
Stephen H. Lee
State Bar No. 00791092
So. District Bar No. 18313

600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANT ALLSTATE TEXAS LLOYDS COMPANY**

OF COUNSEL:
Ronald J. Restrepo
State Bar No. 16791300
So. District Bar No. 920
**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DIRECTV, INC., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | C.A. No. B-03-52 |
| | § | |
| TONY ADAME, ET AL., | § | |
| | § | |
|     Defendants. | § | |

## ORDER

BE IT REMEMBERED that on June 2, 2003, the Court considered Plaintiff Marcos Camacho's Plea in Abatement [Dkt. No. 5]. Plaintiff informed the Court that a voluntary petition is pending in the United States Bankruptcy Court, Southern District of Texas, Brownsville Division. As a result, pursuant to 11 U.S.C. § 362(a), the filing of this petition triggers an automatic stay of proceedings against the named debtor-petitioner only. The above cause of action against Marcos Camacho is hereby **STAYED**.

DONE this 2nd day of June 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon counsel of record, *via* United States first class mail and facsimile, on January 14, 2004:

Dan Downey
700 Louisiana Street, Suite 4000
Houston, Texas 77002
Facsimile: 713-222-0066

Peter E. Ferraro
1104 San Antonio Street
Austin, Texas 78701
Facsimile: 512-474-5306

John H. Eaton
Eaton & Associates
2208 Primrose, Bldg. D
McAllen, Texas 78504
Facsimile: 956-687-9867

Stephen H. Lee