| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
| --- | --- |
| | BROWNSVILLE DIVISION |

United States District Court
Southern District of Texas
FILED

FEB 0 2 2004

Michael N. Milby
Clerk of Court

MICHAEL TELLEZ, et al.          §
                                §
versus                          §    CIVIL ACTION B-03-218
                                §         JURY
                                §
ALLSTATE TEXAS LLOYD'S          §

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    **Dan Downey and Stephen Lee conducted the meeting *via* telephone and e-mail on January 29 and 30, 2004.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None**

3.  Specify the allegation of federal jurisdiction.

    **Diversity**

4.  Name the parties who disagree and the reasons.

    **None; although Defendant alleges that the various plaintiffs' claims should be severed and a number of the cases should be transferred to the McAllen Division.**

5.  List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

    **None**

6.  List anticipated interventions.

    **None**

7.  Describe class-action issues.

    **None**

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **No. Disclosures will be made fourteen (14) days after this Rule 26(f) conference.**

9.  Describe the proposed agreed discovery plan, including;

    A.  Responses to all the matters raised in Rule 26(f).
        **March 2, 2004**
    B.  When and to whom the plaintiff anticipates it may send interrogatories.
        **Defendant, May 15, 2004**
    C.  When and to whom the defendant anticipates it may send interrogatories.
        **Plaintiffs, May 15, 2004**
    D.  Of whom and by when the plaintiff anticipates taking oral depositions.
        **Adjusters, supervisors and experts of Defendant, August 25, 2004**
    E.  Of whom and by when the defendant anticipates taking oral deposition.
        **All plaintiffs and others disclosed in the Initial Disclosures or during discovery.**
    F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing any party will be able to designate responsive experts and provide their reports.
        **Plaintiffs shall designate experts on or before April 1, 2004**
        **Defendant shall designate experts on or before June 1, 2004**
    G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).
        **Building and Remediation Contractors**
        **Insurance Policies and Practice expert**
    H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).
        **All experts disclosed by Plaintiffs**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties generally agree on the discovery plan, although Defendant anticipates potential scheduling problems if the cases are not severed.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None**

12. State the date the planned discovery can reasonably be completed.

    **August 31, 2004. However, Defendant anticipates potential scheduling problems if the cases are not severed.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties will continue to review this case to determine whether a settlement can be reached.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have jointly agreed to complete discovery and mediate as soon as practicable.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    **Mediation after discovery is substantially complete.**

16. Magistrate judges may now hear jury and non-jury trials. Indicates the parties' joint position on a trial before magistrate judge.

    **Plaintiff opposes.**

17. State whether a jury demand has been made and if it was made on time.

    **Yes**

18. Specify the number of hours it will take to present the evidence in this case.

    **Twenty five-hours for all Plaintiffs.**

    **Defendant believes that it will take approximately 25 to 30 hours to try each Plaintiff's breach of contract case. Defendant anticipates filing a motion for separate trials urging the Court to try the breach of contract cases before addressing the bad faith claims. Each Plaintiff's bad faith case will take another 20 to 25 hours to try.**

19. List pending motions that could ruled on at the initial pretrial and scheduling conference.

    **Defendant's Motion to Sever and Transfer.**

20. List other motions pending.

    **None**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **If the Court is not inclined to sever the cases, Defendant is concerned about the ability to timely complete all necessary discovery.**

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

_/s/ Dan M. Downey_                      _30 Jan '04_
Dan M. Downey                               Date
Texas Bar No. 06085400
700 Louisiana, 40th Floor

Houston, Texas 77002
(713) 222-8080
(713) 222-0066 fax
Counsel for Plaintiffs

_Stephen H. Lee_ *                                             01/30/2004
Stephen H. Lee                                                 Date
Texas Bar No. 00791092
600 Travis, Suite 4700
Houston, Texas 77002
(713) 228-5100
(713) 228-6138 fax
Counsel for Defendant

* Signed by permission

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION |
|---|---|

| MICHAEL TELLEZ, et al. | § | |
| | § | |
| versus | § | CIVIL ACTION B-03-218 |
| | § | JURY |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |

## Scheduling Order

1. Trial: Estimated time to try: **5 days**.                                      G   Jury

2. New parties must be joined by:

   **March 15, 2004**

   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by:

   **April 1, 2004**

4. The defendant's experts must be named with a report furnished within 30 days of the deposition of the plaintiff's experts.

5. Discovery must be completed by:

   **August 25, 2004**

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court. No continuance will be granted because of information acquired in post-deadline discovery.*

   ********************** The Court will provide these dates. **********************

6. Dispositive Motions will be filed by:

   _____

7. Joint pretrial order is due:

   _____

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call and final pretrial conference is set for 8:30 a.m. on:

9.  Jury Selection is set for 9:00 a.m. on: _____

The case will remain on standby until tried.

        Signed _____, 2004, at Brownsville, Texas.

                                                           Andrew S. Hanen
                                                           United States District Judge

*Counsel, please sign on the back.*                                            *Scheduling Order-Page Two*

_[signature]_
Dan M. Downey
Counsel for Plaintiffs

_[signature]_ *
Stephen H. Lee
Counsel for Defendant

\* signed with permission