Case 1:03-cv-00218   Document 26   Filed in TXSD on 11/12/2004   Page 1 of 8

United States District Court
Southern District of Texas
FILED

NOV 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL RICHARD TELLEZ, | § | |
| JENNIFER ANN TELLEZ, | § | |
| REBECCA GARZA, RUBEN | § | |
| SANTILLANA, MINERVA | § | |
| SANTILLANA, GUILLERMO | § | |
| CONTRERAS, OLGA CONTRERAS, | § | |
| ELUTERIO MORALES, ROSA | § | |
| MORALES, and NORA GARCIA | § | CIVIL ACTION NO. B-03-218 |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| COMPANY, | § | |
| Defendant. | § | |

**DEFENDANT'S OPPOSED MOTION FOR SEPARATE TRIALS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, Defendant Allstate Texas Lloyd's Company ("Allstate") respectfully requests that the Court (a) order a separate trial of Plaintiff Nora Garcia's extra-contractual insurance claims against Allstate to be conducted after trial of Plaintiff's insurance contract claims and (b) abate discovery relevant only to the extra-contractual claims until the trial of the contract claims. In support of this relief, Allstate would respectfully show the Court as follows:

1.      In her Complaint, Plaintiff initially asserts a claim that Allstate failed to comply with its contractual obligations, alleging that Allstate failed to pay Plaintiff's property damage claims. The breach of contract claims are asserted in the section numbered 12 of the Complaint.

2.  Prior to the lawsuit and continuing through the course of this litigation, the parties have exchanged reports and other information in order to evaluate Plaintiff's property damage claims. Although disputing liability, Allstate has authorized a written settlement offer in the amount of $5,000.00 in an effort to settle the disputed contract claims including disputed attorneys' fees. This settlement offer was made in correspondence dated October 20, 2004. The offer expired October 26, 2004 at 5:00 pm CST. Since Plaintiff did not accept this offer, Allstate's defense of the case will be materially prejudiced by a full trial on both the contract and extra-contractual claims. The facts of Allstate's offer of settlement are verified by Allstate's attorneys in the affidavit attached hereto, based upon the attorneys' review of the correspondence in this case and the instructions of the client. (*See* Exhibit "A" hereto.)

3.  Under these circumstances, Allstate respectfully submits that it is entitled to separate trials of the extra-contractual claims and the contract claims based upon the Texas Supreme Court's decision in *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996). While initially acknowledging that the state court remedy sought in a motion to sever and abate generally is directed to the discretion of the trial court, the Supreme Court in *Akin* recited instances where no discretion is allowed and severance is "necessary" as a matter of law. "One example would be when the insurer has made a settlement offer on the disputed contract claim." 927 S.W.2d at 630 (citation omitted); *see generally In re Trinity Universal Ins. Co.*, 64 S.W.3d 463 (Tex.App.–Amarillo 2001, application for mandamus) (granting mandamus relief for severance of contract claim from statutory bad faith claims where trial court denied severance);

*In re Foremost Ins. Co.*, 966 S.W.2d 770, 772 (Tex.App.–Corpus Christi 1998, no writ) (mandamus relief granted where trial court declined to sever bad faith from tort claims).

4. In *Akin*, the Supreme Court made it clear that severance and abatement of the extra-contractual claims was required where, as here, a settlement offer had been made on a disputed contract claim. The Court first noted that courts of appeals in many earlier cases had held that, when a carrier makes a settlement offer on a disputed contract claim, "a severance of the tort and contract claims is required to avoid undue prejudice to the insurer in its defense of the coverage dispute." 927 S.W.2d at 629. Otherwise, the carrier would be unfairly prejudiced by having to defend the contract claim "at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute." 927 S.W.2d at 630. The Texas Supreme Court then stated that "we concur with these decisions." *Id.* Reflecting the need to sever the extra-contractual claims, in another mandamus proceeding, the Texas Supreme Court instructed a trial court to reconsider its order denying a severance and abatement of the extra-contractual claims in light of the decision in *Akin*. *See Nationwide Mutual Ins. Co. v. Spears-Peterson*, 940 S.W.2d 594 (Tex. 1996); *see also Texas Farmers Ins. Co. v. Stem*, 927 S.W.2d 76, 79-80 (Tex.App.–Waco 1996, no writ).

5. Although these state court decisions are not binding on this Court, other federal courts have held that "they are helpful in determining whether separate trials should be ordered" because the underlying insurance claims "arise under Texas law, and Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial." *Whittenburg v. State Farm Mutual Automobile Ins. Co.*, 1997 WL 10036 (N.D.Tex. 1997); *see also Karam*

*v. Nationwide General Ins. Co.,* 1999 WL 1240791 (N.D.Tex. 1999); *Bays v. State Farm Mutual Automobile Ins. Co.,* 1999 WL 68648 (N.D.Tex. 1999). In these cases, three different Judges in the Northern District of Texas followed Texas law in ordering separate trials of the contract and extra-contractual claims where, as here, the carrier's settlement offer was rejected by the insured. The justification for the separate trials was explained by the Court in *Karam*:

> To allow a jury to hear this evidence [of a settlement offer] would create a great danger of prejudice to [the carrier], a danger that could not be sufficiently mitigated by a limiting instruction to the jury. Thus, [the insured's] breach of contract claims must be tried separately from, and prior to, extracontractual claims.

*See Karam v. Nationwide General Ins. Co.,* 1999 WL 124 0791 (N.D. Tex. 1997). Allstate submits the same is true here.

6. More recently, yet another Judge in the Northern District granted separate trials and abated discovery on the extra-contractual claims under these same circumstances. *See Greil v. GEICO,* 2001 WL 1148118 (N.D.Tex. 2001). In *Greil*, the Court again found that the Texas law as stated in *Akin* was not dispositive but was "highly persuasive." *Id.* As in the other federal cases previously cited, the Court found that permitting a jury to hear evidence of the tendered but rejected payment made by the carrier would "create a great danger of prejudice" to the carrier that "could not be sufficiently mitigated by a limited instruction." *Id.* The Court further explained that, because the extra-contractual claims "depend upon the outcome of the contract cause of action," ordering separate trials "avoids potentially unnecessary litigation and expense." *Id.* For these same reasons, the Court in *Greil* also abated discovery on the bad faith claims pending the trial of the contract claims in order to "conserve judicial resources and reduce the

parties' expense."[1] *Id.* Precisely this same reasoning applies here. Therefore, Allstate respectfully requests that the Court grant separate trials and abate discovery relevant only to the extra-contractual claims until the trial and outcome of Plaintiff's contract claims.

7. Consistent with these decisions, Allstate respectfully requests that the Court order separate trials and abate discovery on the extra-contractual claims pending resolution of the trial on Plaintiff's contract claims. Allstate submits that this is the most expedient procedure to follow in this case to avoid discovery and other proceedings that might be unnecessary, depending upon the resolution of the contract claim. If Allstate's claim analysis is correct, the parties need only litigate the contract claim, eliminating the need for discovery or a trial on Plaintiff's extra-contractual claims. In any event, resolution of the contract issue will have a significant impact on the scope of any discovery required to try the extra-contractual claims. For these reasons, Allstate respectfully submits that separate trials and abatement of discovery for the extra-contractual claims is warranted here.

WHEREFORE, Defendant Allstate Texas Lloyd's Company respectfully requests that the Court order a separate trial for and abate Plaintiff Nora Garcia's extra-contractual claims pending resolution of Plaintiff's contract claims and for such further relief to which Allstate may be justly entitled.

---

[1] Copies of the opinions in *Whittenburg, Karam, Bays* and *Greil* are attached to this motion for the Court's convenience. (*See* Exhibit "B" hereto.)

Respectfully submitted,

By: _____
Ronald J. Restrepo
State Bar No. 16791300
So. District Bar No. 920

600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANT
ALLSTATE TEXAS LLOYDS COMPANY**

*Signed with permission by Conrad E. Adams.

OF COUNSEL:
René O. Oliveira
State Bar No. 15254700
So. District Bar No. 4033
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 (telephone)
(956) 542-0016 (facsimile)

Conrad E. Adams
State Bar No. 24036107
So. District Bar No. 33461
**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
600 Travis Street, Suite 4700
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

## CERTIFICATE OF CONFERENCE

I certify that Allstate's counsel conferred with the office of Plaintiff's attorney, Peter Ferrero, on November 11, 2004, and Plaintiff is opposed to the relief sought in this motion. Therefore, this motion is presented to the Court for determination.

_____
Conrad E. Adams

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record by United States first class mail, with postage prepaid thereon on this 12th day of November, 2004:

Dan Downey
The Gallagher Law Firm
700 Louisiana, Suite 4000
Houston, Texas 77002

Peter E. Ferraro
1104 San Antonio Street
Austin, Texas 78701

John H. Eaton
Eaton & Associates
2208 Primrose, Bldg. D
McAllen, Texas 78504

_____
Conrad E. Adams

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL RICHARD TELLEZ, | § | |
| JENNIFER ANN TELLEZ, | § | |
| REBECCA GARZA, RUBEN | § | |
| SANTILLANA, MINERVA | § | |
| SANTILLANA, GUILLERMO | § | |
| CONTRERAS, OLGA CONTRERAS, | § | |
| ELUTERIO MORALES, ROSA | § | |
| MORALES, and NORA GARCIA | § | CIVIL ACTION NO. B-03-218 |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| COMPANY, | § | |
| **Defendant.** | § | |

## VERIFICATION

THE STATE OF TEXAS      §
                                           §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority on this day personally appeared CONRAD E. ADAMS, who, being duly sworn, deposed and stated the following:

> My name is Conrad E. Adams, of counsel for Allstate Texas Lloyd's Company, Defendant in this cause. I have read the foregoing Motion for Separate Trials and the facts stated in paragraph no. 2 are within my knowledge based on my review of Allstate's claim file documents and the instructions of the client, and they are true and correct."

_____
Conrad E. Adams

SUBSCRIBED and SWORN to before me this 11th day of November, 2004.



_____
Notary Public, State of Texas

DEBBIE A. ASHLEY
NOTARY PUBLIC • STATE OF TEXAS
MY COMMISSION EXPIRES
DECEMBER 14, 2004