1999 WL 68648    Page 1
(Cite as: 1999 WL 68648 (N.D.Tex.))

C

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Jamie Bloxom BAYS, Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. Civ.A. 3:98-CV-3027-D.

Feb. 4, 1999.

MEMORANDUM OPINION AND ORDER

FITZWATER, J.

*1 In this removed action, defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves the court to sever the extracontractual claims of plaintiff Jamie Bloxom Bays ("Bays") and abate them until Bays' contract claim has been adjudicated. Treating State Farm's request for a severance as a motion for separate trials, the grants the motion and directs that Bays' contract claim be tried separately from, and prior to, her extracontractual claims. The court denies as premature State Farm's motion to abate.

I

Bays was injured while riding as a passenger in an automobile. She was covered under a policy issued by State Farm to Jacob Bays. State Farm paid personal injury protection benefits to her. The other driver's liability insurer apparently paid Bays its policy limits. Bays then made a claim under the State Farm policy for underinsured/uninsured motorist benefits. When she and State Farm could not resolve the claim, she filed the instant suit in state court, alleging claims for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code. State Farm removed the case to this court, and now moves the court to sever and abate the extracontractual claims. Bays has not responded to the motion.

II

At the outset, the court addresses, and rejects, State Farm's assertion that Texas law controls the disposition of this motion. State Farm recognizes that this question is resolved under *Erie* [FN1] principles, but contends that mandatory severance and abatement, as dictated by the Texas Supreme Court in *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex.1996), is substantive law. The court disagrees. In *Whittenburg v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 3:96-CV-2837-D, slip op. at 2 (N.D.Tex. Jan. 8, 1997) (Fitzwater, J.), this court held, in the context of another State Farm motion for severance and abatement, that "Texas court procedural decisions are not binding on this court." [FN2]

FN1. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

FN2. State Farm removed this case, as it did *Whittenburg*, from Texas state court to this court. If it desires to take advantage of mandatory Texas law of severance and abatement, it should allow these types of cases to remain in state court.

III

A

Although not bound by Texas law, the court concludes that State Farm's motion for severance should be treated as a motion for separate trials, and that separate trials should be conducted. In *Whittenburg* the court recognized that Texas decisions "are helpful in determining whether separate trials should be ordered" and that where "[t]he claims in question ... arise under Texas law ... Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial." *Id.* The court in *Whittenburg* treated State Farm's motion for severance as a motion for separate trials and, pursuant to Fed.R.Civ .P. 42(b) and to avoid undue prejudice, granted separate trials of the plaintiff's claim for breach of insurance contract, and his extracontractual claims for breach of duty of good faith and fair dealing, Texas Insurance Code and DTPA violations, and negligence based on State Farm's claims-handling practices. *Id.* The court reaches the same result in today's case, and concludes that Bays' breach of contract claim must be tried separately from, and prior to, her extracontractual claims.



Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1999 WL 68648  
(Cite as: 1999 WL 68648, *1 (N.D.Tex.))

Page 2

### B

*2 The court declined in *Whittenburg*, however, to abate the litigation of the extracontractual claims. The court held that "[t]his would unduly prolong the litigation in the event State Farm is found to have breached the insurance contract [and that] [t]he protection that State Farm should be accorded can adequately be conferred by conducting separate trials." *Id.* The court reaches the same result in the present case.

State Farm maintains that if the court does not abate the litigation of the extracontractual claims, and allows discovery to go forward, it will be forced to decide prematurely whether to waive the attorney-client privilege and work product doctrine. D. Mot. at 5. This assertion is very general at this stage. There is no indication in the record that State Farm has generated, in this fairly straightforward underinsured/uninsured case, privileged communications or attorney work product that it must rely on to defend against Bays' extracontractual claims. The court is hesitant to abate a lawsuit on a hypothetical ground. Accordingly, because this concern appears to be premature, and because the court can later enter an order of abatement upon a showing of demonstrable prejudice, the court denies State Farm's motion for abatement without prejudice to its later seeking this relief for good cause shown.

* * *

The court grants State Farm's January 13, 1999 motion for severance to the extent that, treating the request as a motion for separate trials, the court grants the motion and directs that Bays' contract claim be tried separately from, and prior to, her extracontractual claims. The court denies without prejudice State Farm's motion to abate.

SO ORDERED.

1999 WL 68648, 1999 WL 68648 (N.D.Tex.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1997 WL 10036
(Cite as: 1997 WL 10036 (N.D.Tex.))

Page 3

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas.

Darwin WHITTENBURG, Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Civ. A. No. 3:96-CV-2837-D.

Jan. 8, 1997.

*MEMORANDUM OPINION AND ORDER*

FITZWATER, District Judge:

*1 Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for a severance and abatement. Treating the motion for severance as a motion for separate trials, the court grants the motion. The court denies the motion for abatement.

I

Plaintiff Darwin Whittenburg ("Whittenburg") brings claims for breach of an insurance contract, as well as extra-contractual claims for breach of duty of good faith and fair dealing, Texas Insurance Code and DTPA violations, and negligence based on State Farm's claims-handling practices. State Farm moves for a severance of the extra-contractual claims from the contract claim on the ground that it has made offers of settlement that are germane to the extra-contractual claims, and that it desires to introduce into evidence in defense of those claims, but which would be extremely prejudicial if admitted in the same trial with the contract action. It moves the court to abate the litigation of the extra-contractual claims until the contract claim is resolved.

II

A

The court will treat State Farm's motion for severance as a motion for separate trials. [FN*] Pursuant to Fed.R.Civ.P. 42(b), the court may order separate trials "to avoid prejudice" to a party. Although Texas court procedural decisions are not binding on this court, they are helpful in determining whether separate trials should be ordered. The claims in question here arise under Texas law, and Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial. These decisions support bifurcation. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.1992). Whittenburg has not responded to the motion, and has therefore failed to demonstrate any undue prejudice that would result from granting it.

FN* If the court did not do so, it would deny the motion to sever.

B

The court declines, however, to abate the litigation of the extra-contractual claims. This would unduly prolong the litigation in the event State Farm is found to have breached the insurance contract. The protection that State Farm should be accorded can adequately be conferred by conducting separate trials.

* * *

The court grants State Farm's motion to the extent of ordering separate trials of Whittenburg's breach of contract claim from his extra-contractual claims. The court otherwise denies the motion.

SO ORDERED.

1997 WL 10036, 1997 WL 10036 (N.D.Tex.)

END OF DOCUMENT

1999 WL 1240791                                                                                                    Page 4
(Cite as: 1999 WL 1240791 (N.D.Tex.))

C

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas.

Mary Emma KARAM, Plaintiff,
v.
NATIONWIDE GENERAL INSURANCE COMPANY, Defendant.

No. CIV.A. 3:99-CV-2047-.

Dec. 20, 1999.

MEMORANDUM ORDER

FISH, District J.

*1 Before the court is the motion of the defendant Nationwide General Insurance Company ("Nationwide") to sever the extracontractual claims of the plaintiff Mary Emma Karam ("Karam") and abate them until her contract claim has been adjudicated. Treating Nationwide's motion as a motion for separate trials under FED. R. CIV. P. 42(b), the court grants the motion to sever but denies the motion to abate.

I. BACKGROUND

On July 6, 1995, Karam was involved in an automobile accident with Bill Hooser ("Hooser"), while Hooser was conducting business for his employer, McFry, Inc. ("McFry"). Defendants's Amended Motion for Severance and Abatement ("Amended Motion") at 1. Karam settled with Hooser for $50,000--the limits Hooser's insurance policy--and with McFry, who was uninsured, for $666.00. Response to Defendant's Motion for Severance and Abatement and Protective Order ("Response") at 1. Karam then filed a claim with Nationwide, her own insurer, for benefits under the personal injury and under-insured motorist provisions of her policy. Id. Nationwide issued a check to Karam for $10,000 for her personal injuries but denied her claim based on the under-insured provision of her policy. Id. at 2. Believing the payment to be insufficient, Karam brought this action for (1) breach of contract; (2) violation of the duty of good faith and fair dealing; (3) violations of the Texas Administration Code; (4) violations of the Texas Business and Commerce Code; and (5) violations of the Texas Insurance Code. Amended Motion at 2. Nationwide then made a settlement offer to Karam of $10,000, which the plaintiff refused. Response at 2, 3; Amended Motion at 2. Contending that a trial of all these claims together would be unfairly prejudicial, Nationwide now files this motion to sever and abate.

II. ANALYSIS
A. *Separate Trials*

The court will treat Nationwide's motion to sever as a motion for separate trials. Pursuant to FED. R. CIV. P. 42(b), the court may order separate trials "to avoid prejudice" to a party. Here, Nationwide argues that having to defend the contract claim before the same jury that would also hear evidence that it made a settlement offer would be unfairly prejudicial. The court agrees.

Although not bound by Texas law on this procedural issue, [FN1] Texas "decisions are helpful in determining whether separate trials should be ordered." *Bays v. State Farm Mutual Automobile Insurance Company*, No. 3:98- CV-3027-D, 1999 WL 68648, at *1 (N.D.Tex. Feb. 4, 1999) (Fitzwater, J.). Where Texas law forms the basis of a case, "Texas courts are in the best position to determine whether the nature of the claims warrants bifurcation at trial." *Id.* The Texas Supreme Court has implied that the presence of a settlement offer may make severance of contractual from extracontractual claims necessary to ensure a fair trial. See *Liberty National Fire Insurance Company v. Akin*, 927 S.W.2d 627, 630 (Tex.1996). In *Liberty*, the court upheld a trial court's denial of severance but did note that "[a] trial court will undoubtably confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." *Id.* One such instance, the court explained, is where an insurer has made a settlement offer on the disputed contract claim. *Id.* The court then endorsed several state courts of appeal decisions that severed breach of contract claims from extracontractual ones based on the presence of a settlement offer. *Id.*

*2 Here, Nationwide has made a settlement offer to Karam that was declined. To allow a jury to hear this evidence would create a great danger of prejudice to Nationwide, a danger that could not be sufficiently mitigated by a limiting instruction to the

jury. Thus, Karam's breach of contract claims must be tried separately from, and prior to, her extracontractual claims. [FN2]

### B. *Abatement*

Next, Nationwide argues that "certain information sought by [Karam] through discovery is privileged with respect to the Contract Claim" and thus, asks this court to abate Karam's other claims until the contractual claim is resolved. Motion at 3. Nationwide, however, has not offered examples of such information and abating the noncontractual claims "would unduly prolong the litigation in the event [Nationwide] is found to have breached the insurance contract." *Bays*, 1999 WL 68648 at *2. Thus, at least at this stage, Nationwide has presented no demonstrable basis for abatement.

### III. CONCLUSION

For the reasons discussed above, Nationwide's motion for separate trials of Karam's contractual and extracontractual claims is GRANTED. Its motion to abate the extracontractual claims, however, is DENIED.

SO ORDERED.

> FN1. *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938).
>
> FN2. This result may be achieved by simply ordering the proof at a single trial. In this procedure, the contractual claim would be submitted to the jury first and a verdict received on that claim. Then evidence on the remaining claims would be presented to the same jury and a verdict received on those claims.

1999 WL 1240791, 1999 WL 1240791 (N.D.Tex.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2001 WL 1148118 (N.D.Tex.))

Page 6

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.

Roxanne GREIL, Plaintiff,
v.
GEICO, Geico General Insurance Company and Jenetha Holt, Defendants.

No. 3:01-CV-0352-H.

Sept. 18, 2001.

*MEMORANDUM OPINION AND ORDER*

SANDERS, Senior J.

\*1 Before the Court is Defendants' Motion for Severance and Abatement, filed June 15, 2001, Plaintiff's Response, filed June 27, 2001, and Defendants' Reply to Plaintiff's Response, filed July 6, 2001.

I. BACKGROUND

Plaintiff Roxanne Greil was involved in an automobile accident with Stacy Howard on or about February 19, 1997. Greil suffered injuries as a result of this accident. Howard caused the collision, but she was underinsured for purposes of satisfying Greil's claims. At the time of the accident, Greil had Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverage with Geico. Greil filed her claim with Geico, but disputed the amount Geico offered to pay. Greil filed suit in the 134th Judicial District Court of Dallas County alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of Articles 21.21 and 21.55 of the Texas Insurance Code. Greil also sought attorneys' fees pursuant to the DTPA and the Insurance Code. Geico removed the case to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332 & 1446. The amount in controversy exceeds $75,000.

II. SEPARATE TRIALS

The Court will treat Defendants' motion to sever as a motion for separate trials. Pursuant to Fed. R. Civ. P. 42(b), the Court may order separate trials "to avoid prejudice" to a party. Here, Geico argues that defending the contract claim before the same jury that would hear evidence of a settlement offer relating to Greil's tort claims would be unfairly prejudicial. The Court agrees.

The Texas Supreme Court has implied that the presence of a settlement offer may make severance of contractual from extra-contractual claims necessary to ensure a fair trial. *See Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex.1996). This Court is not bound by Texas law on this procedural issue. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). However, Texas decisions aid the Court in determining whether separate trials should be ordered. *See Karam v. Nationwide General Ins. Co.*, No. 3:99-CV-2047-G, 1999 WL 1240791, at \*1 (N.D.Tex. Dec. 20, 1999). Texas courts are in the best position to determine when claims arising under Texas law warrant separate trials. *See id.* With this in mind, the Court finds the Texas Supreme Court's position on this issue highly persuasive. In *Liberty*, the court noted that "[a] trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." *Liberty*, 927 S.W.2d at 630. The court explained that one instance would be where an insurer has made a settlement offer on the disputed contract claim. *See id.* It then endorsed several Texas appellate court decisions severing breach of contract claims from extra-contractual ones based on the presence of a settlement offer. *See id.*

\*2 Geico has made a settlement offer to Greil that was declined. Allowing the jury to hear this evidence would create a great danger of prejudice to Geico; this could not be sufficiently mitigated by a limiting instruction. *See Karam*, 1999 WL 1240791, at \*1. The Court also notes that Greil's bad faith, Article 21.21 and DTPA claims depend upon the outcome of the contract cause of action. *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex.App.- Houston [1st Dist.] 1993, orig. proceeding), *cited with approval in Liberty*, 927 S.W.2d at 630. Trying these claims separately avoids potentially unnecessary litigation and expense. Accordingly, Geico's motion for separate

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2001 WL 1148118, *2 (N.D.Tex.))

Page 7

trials for the contract and extra-contractual claims is GRANTED. Greil's breach of contract claims must be tried separately from, and prior to, her bad faith, Article 21.21 and DTPA claims. Greil's Article 21.55 claim will be tried with the contract claim as it is considered part of the same cause of action. *See Hartman v. St. Paul Fire and Marine Ins. Co.*, 55 F.Supp.2d 600, 603 n. 2 (N.D.Tex.1998), *aff'd in part*, 95 F.3d 1149 (5 th Cir.1996) (TABLE, No. 94-11164); *Lusk v. Puryear*, 896 S.W.2d 377, 380 (Tex.App.-Amarillo 1995, no writ). Greil will also be entitled to pursue attorneys' fees under Insurance Code Article 21.55 or Tex. Civ. Prac. & Rem.Code § 38 .001 *et. seq.* arising from her contractual cause of action in the first trial.

III. ABATEMENT

In addition to seeking separate trials, Geico moves to abate the bad faith claims pending trial of the contract issue. Geico argues abatement will conserve judicial resources and reduce the parties' expense. The latter point is especially well taken since reaching the bad faith claims is dependent upon the outcome of the trial on the contractual claims. *See Millard*, 847 S.W.2d at 673. Accordingly, Geico's motion to Abate the claims of breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of Article 21.21 of the Insurance Code is GRANTED pending trial on the contractual claim.

IV. CONCLUSION

Greil's claims for breach of contract and violations of Insurance Code Article 21.55 will proceed in a SEPARATE TRIAL from her good faith and fair dealing, DTPA, and Insurance Code Article 21.21 claims. Further, Greil's good faith and fair dealing, DTPA, and Insurance Code Article 21.21 claims are ABATED pending the trial on the contractual claim. Greil's claim for attorneys' fees under Insurance Code Article 21.55 or Tex. Civ. Prac. & Rem.Code § 38 .001 *et. seq.* will be permitted in the first trial for fees related to the contractual claim.

THE CLERK IS DIRECTED TO IMMEDIATELY FAX THIS ORDER TO COUNSEL.

SO ORDERED.

2001 WL 1148118 (N.D.Tex.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works