| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

JOHNNY DESHAZOR, et al., §
§
    Plaintiff, §
§
versus § CIVIL ACTION H-04-468
§
§
ALLSTATE TEXAS LLOYDS INSURANCE, §
§
    Defendant. §

SEP ^ 1 2004

Michael N. Milby, Clerk of Court

## Opinion on Summary Judgment

1.  *Introduction.*

    After paying part of a claim, an insurer denies it because of the owners' late notice of the covered event. The insureds sue, saying that they are entitled to additional money on the claim. The insurer will prevail.

2.  *Background.*

    Johnny and Debra Deshazor purchased a homeowner's policy from Allstate Texas Lloyds Insurance in August 2000. The Deshazors paid the premiums.

    In May 2001, the tub overflowed in the master bathroom of the Deshazors' home, causing water damage. Five months later, the tub overflowed in the hall bathroom. Eleven months after the first overflow, the Deshazors filed a claim with Allstate for damages caused by the two occurrences. An adjuster inspected the house. He found no visible water damage and denied both claims.

    In July 2002, the Deshazors filed a third claim for water damage from a pipe leak under the kitchen sink. A different adjuster examined the leak and determined that the sink damage was less than the deductible. At the Deshazors' behest, he also re-inspected the damage from the first two claims. That adjuster found damage from the master bath overflow and an unreported roof leak. He reopened the first two claims and established a fourth claim about the roof leak.

H

After the first two claims were formally reopened, an adjuster inspected the house and determined that the Deshazors should be compensated for damage from the master bath overflow, hall bath overflow, and roof leak. Allstate paid $3,436 for the master bath, $352 for the hall bath, and $5,222 for the roof.

The Deshazors' son began to suffer from nose bleeds and asthma. After hearing about "toxic mold," they hired a mold inspector. He found mold in the house, and the Deshazors told Allstate. An adjuster inspected the house again. He found visible mold in the master bathroom. He also found that no repairs had been made in either of the bathrooms. Allstate denied the request for additional payment on the grounds that the first two claims should have been filed when the tubs overflowed, making them untimely.

3. *Policy.*

The policy requires the Deshazors to give prompt notice of a covered occurrence as well as of facts relating to a claim. The Deshazors contend that this was satisfied by having notified Allstate when the damage became apparent. By this they mean that they notified the insurer when a particular form of consequence became apparent.

But the insurer must be notified on the event. There may be cases where the covered occurrence is obscured from the insured, but here the facts of the event were simply water from bathtubs pouring into the house. The insureds knew of the occurrence immediately; they rented equipment to dry the house. Though the Deshazors say that they had no duty to notify Allstate until damage was manifest, soaked rooms are water damage. The mold that the Deshazors complain about is secondary to the damage that had already appeared. They were obliged to notify Allstate when the bathtub first overflowed in May 2001.

4. *Waiver.*

The Deshazors contend that Allstate waived its ability to deny the claims for lack of notice when it paid on the claims. They are wrong. If a wife claims death benefits under her husband's life insurance policy and the insurer begins to make payments, the insurer has not waived the right to discontinue payments when it learns that he is still alive. Allstate's mis-payments do not oblige it to continue to pay.

5.  *Claims.*

Allstate owes indemnity for the covered harms only if the Deshazors have not breached the contract. Failing promptly to notify the carrier is a breach that voids coverage. See *Am. Teachers Life Ins. Co. v. Bragette,* 728 S.W.2d 763 (Tex. 1987). Further, failure to notify as the policy requires is an absolute defense to coverage, even if the insurer had actual notice of an accident and was not prejudiced by the delay. *Dairyland County Mut. Ins. Co. of Texas v. Roman,* 498 S.W.2d 154, 157 (Tex. 1973).

Last, without a claim for breach of contract, the Deshazors' claims for violation of the duty of good faith and fair dealing, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, negligence, negligent misrepresentation, and exposure to toxic substances fail. Slicing a contract claim into six legal theories does not improve it strength.

6.  *Prejudice.*

The Deshazors contend that Allstate must show that it was prejudiced by the lack of prompt notice. The Deshazors waited eleven months before notifying Allstate. Mold takes time to grow. If the Deshazors had notified Allstate when the tubs overflowed, Allstate would have had the opportunity to fix the damage and prevent the mold from growing. Forcing Allstate to pay for mold that it might have prevented with prompt notice does prejudice the company. The insureds undertook their own remedy and then delayed in reporting the occurrence. Both of those masked the rise of the injury from mold. Also, Allstate has no way of knowing whether there were other, uninsured causes since it did not have the opportunity to monitor the problem.



Case 1:03-cv-00218   Document 29-11   Filed in TXSD on 11/17/2004   Page 4 of 5

7. *Conclusion.*

The Deshazors failed to notify Allstate promptly of their claim for water damage. Although Allstate paid the Deshazors on their water damage claims, that does not preclude it from stopping. Allstate will prevail, and the Deshazors will take nothing.

Signed August 31, 2004, at Houston, Texas.

Lynn N. Hughes
United States District Judge

-4-