

United States C[...]
Southern District of T[...]
FILED

NOV 1 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTTRICT OF TEXAS
BROWNSVILLE DIVISION

MICHAEL TELLEZ, ET AL.                §
                                      §
VS.                                   §   CIVIL ACTION NO. B-03-218
                                      §   JURY
ALLSTATE TEXAS LLOYDS COMPANY,        §

### PLAINTIFF'S OPPOSED MOTION TO EXTEND DEADLINE FOR DESIGNATION OF EXPERTS AND RESPONSE TO DEFENDANT ALLSTATE TEXAS LLOYD'S COMPANY'S OPPPOSED MOTION TO EXCLUDE EXPERT TESTIMONY OF PLAINTIFF NORA GARCIA

COMES NOW, Plaintiff Nora Garcia in this matter and moves this Honorable Court to extend the time within which she must designate experts and produce reports and as grounds therefore would show the Court as follows:

1.      Since the filing of this case, counsel have worked together to successfully settle the claims of 5 of the original 6 plaintiffs in this matter. (See letter to the Clerk of this Honorable Court from mediator Israel Ramon Jr., Esq. dated November 9, 2004) This laudable result was obtained through the cooperation of the parties and counsel with respect to the scheduling of mediation and the conduct of discovery; extensions of deadlines have been granted, concessions given. However, now with the settlement of the final case the only obstacle to entry of an agreed final judgment, Allstate Texas Lloyds Company, ("Allstate") has refused to grant Plaintiffs an extension to designate its experts.

2.      During the course of this litigation, Plaintiff and Defendant had agreed several times to extend the deadline for designation of experts. Both sides agreed to extend these deadlines and to focus on the prospect for settlement of these matters. This course of action proved successful. All of the cases were mediated by Israel Ramon, Esq. in McAllen, Texas on September 16 and 17, 2004. Although the cases did not all settle on

those dates, the persistence of Mr. Ramon resulted in settlement approximately 3-4 weeks later. The sole remaining case that has not been settled is that of Nora Garcia. Plaintiffs had given Defendants two extensions on their deadline for the filing of expert designations and dispositive motions to permit the parties to settle these cases. One of those deadlines had been extended to as recently as November 15, 2004. When counsel for Plaintiff contacted counsel for Defendant on November 15, 2004 to acquire an extension on the Plaintiff's deadline for designation of experts, which had expired during these negotiations, Defendant refused, necessitating the filing of this motion.

3. Plaintiff intends to call experts on mold contamination, the cost to repair the damage to Plaintiff's home and an expert on insurance settlement practices, investigations and protocols. Such testimony is vital to Plaintiff's case. Counsel for Plaintiff submit that they have been diligent in prosecuting these cases and successful in resolving them. They should not now be penalized for the professional and courteous manner in which they have approached these matters. Therefore, Plaintiffs move this to extend to November 30, 2004 the deadline by which they must designate their experts and produce reports.

4. Counsel have conferred in good faith to resolve the matters in dispute but are unable to reach an agreement. Wherefore, Plaintiff moves this Court to extend to December 3, 2004, the date by which she must designate experts and submit reports.

Respectfully Submitted,

*Dan Downey*
Dan Downey
Attorney in Charge
Texas State Bar No. 06085400
Southern District of Texas Bar No. 459
777 Walker, 25th Floor
Houston, Texas 77002
713-222-8080
713-222-0066 (fax)

Peter E. Ferraro
Texas State Bar No. 06934600
1104 San Antonio St.
Austin, Texas 78701
512-474-7742
512-474-5306 (fax)

John Eaton
Texas State Bar No. 06382500
Southern District of Texas Bar No. 2208
2208 Primrose, Bldg. D
Mc Allen, Texas 78504
956-631-9400
956-687-9867 (fax)

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel for Defendant by certified mail return receipt requested on this the 19th day of November 2004.

_Dan Downey_
Dan Downey